### ARTHUR *v.* ZIMMERMAN.

.1. The distinction between "cotton braids" and "other manufactures of cotton not otherwise provided for," and "hat braids," has been established and recognized by Congress by the acts of March 2, 1861 (12 Stat. 178), and July 14, 1862 (id. 543), and sect. 2504 of the Revised Statutes.

2. "Braids . . . used for making or ornamenting hats," being specifically enumerated in said acts of 1861 and 1862, are subject to the duty thereby prescribed, and not to that imposed by the sixth section of the act of June 30, 1864 (13 Stat. 209), upon "cotton braids, insertings, lace trimmings, or bobbinets, and all other manufactures of cotton not otherwise provided for."

ERROR to the Circuit Court of the United States for the Southern District of New York.

In 1873 and 1874, Zimmerman imported certain goods from France, which were composed of cotton, and commercially known as "hat braids." Arthur, the collector of the port of New York, imposed upon them, and collected, under protest, a duty of ninety per cent of thirty-five per cent *ad valorem*, under the sixth section of the tariff act of 1864 (13 Stat. 209), which imposes that duty upon "cotton braids, insertings, lace trimmings, or bobbinets, and all other manufactures of cotton not otherwise provided for."

It appeared, upon the trial of the suit to recover the excess so paid, that there were goods known as cotton braids, used for other purposes, but that the goods in question were commercially known as "hat braids," and used exclusively for making and trimming hats and bonnets.

The court below, being of the opinion that the articles were only liable to duty at thirty per cent, under the eighth section of the act of July 14, 1862 (12 Stat. 551), so instructed the jury, and directed a verdict for the plaintiff. Judgment having been rendered thereon, the collector brought the case here.

*Mr. Assistant-Attorney-General Smith* for the plaintiff in error.

*Mr. H. E. Davis, Jr.*, contra.

MR. JUSTICE HUNT delivered the opinion of the court.

The articles imported by the defendant in error are embraced in the general words of the act of 1864, and, if there were nothing else in the case, would be subject to the duty therein provided.

They are, however, commercially known as "hat braids," used exclusively for enamelling hats and bonnets.  These articles are specifically enumerated in the acts of 1861 and 1862, and are there made subject to a different and a lower duty.

By these acts, and by the Revised Statutes, Congress establishes and recognizes the distinction between "cotton braids" and "other manufactures of cotton not otherwise provided for," and "hat braids."  12 Stat. 178; id. 543, 551; Rev. Stat., sect. 2504.

Under the principles laid down in *Arthur* v. *Morrison*, *Arthur* v. *Lahey*, and *Arthur* v. *Unkart* (*supra*, pp. 108, 112, 118), the specific designation should prevail; and the judgment in favor of the plaintiff for the excess of duties paid by him was right, and must be affirmed.

<div align="right">

*Judgment affirmed.*