## HARTRANFT v. LANGFELD.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 750. Argued February 15, 1888. — Decided March 19, 1888.

Velvet ribbons made of silk and cotton, silk being the material of chief value, known as "trimmings," chiefly used for making or ornamenting hats, bonnets, and hoods, but sometimes used for trimming dresses, being imported into the United States, are subject to a duty of twenty per centum *ad valorem* under Schedule M of the act of March 3, 1883, 22 Stat. 512, as "hats and so forth, materials for . . . trimmings;" and not to a duty of fifty per centum *ad valorem* under Schedule L of that act, Ib. 510, as "goods, wares, and merchandise not specially enumerated or provided .fo· in this act, made of silk, or of which silk is the component material of chief value."

THIS was an action to recover customs duties alleged to have been illegally exacted. Judgment for plaintiffs. Defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Joseph H. Choate* for defendants in error. *Mr. Henry Edwin Tremain, Mr. Mason W. Tyler* and *Mr. H. T. Kingston* were with him on the brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This was an action against the collector of the port of Philadelphia by importers to recover an alleged illegal excess of duties exacted by and paid to him. There was a verdict for $856.56 in favor of the plaintiffs, and judgment rendered thereon, to reverse which this writ of error is prosecuted.

The goods which were the subject of the duty were velvet ribbons made of silk and cotton, of which silk was the material of chief value. The custom-house officers assessed upon them a duty of fifty per centum *ad valorem* under the last

paragraph of Schedule L of the act of March 3, 1883, 22 Stat. c. 121, 488, 510, which reads as follows: "All goods, wares, and merchandise not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value, fifty per centum *ad valorem.*" The plaintiffs claimed, and the jury found, under the instructions of the court, that the duty should have been assessed under the following paragraph of Schedule M of the same act, 22 Stat. c. 121, 488, 512 :

"Hats and so forth, materials for: Braids, plaits, flats, laces, trimmings, tissues, willow-sheets, and squares, used for making or ornamenting hats, bonnets, and hoods, composed of straw, chip, grass, palm leaf, willow, hair, whalebone, or any other substance or material not specially enumerated or provided for in this act, twenty per centum *ad valorem.*"

A bill of exceptions sets out all the evidence in the cause, together with the charge of the court to the jury, and instructions asked for by counsel on both sides, respectively, with the exceptions to certain parts of the charge as given, and to the refusal of the court to charge as requested by counsel for the defendant.

It appears from the evidence that the goods in question were "trimmings," and that they were "used for making or ornamenting hats, bonnets, and hoods." That they were "trimmings," was not a matter of controversy; all the witnesses on both sides spoke of them as such. Neither was it disputed that they were "used for making or ornamenting hats, bonnets, and hoods," but there was no evidence that they were used exclusively for that purpose. The testimony on the part of the plaintiffs tended to show that they were chiefly used for making or ornamenting hats, bonnets, and hoods, but that they also might be, and sometimes were, used for trimming dresses. The testimony on the part of the defendant tended to show that they were dress trimmings equally with hat trimmings, and were commonly used as much for the one purpose as the other. In this state of the proof the judge charged the jury as follows:

"It is the use to which these articles are chiefly adapted,

and for which they are used, that determines their character within the meaning of this clause of the tariff act. It would in my judgment be a fair construction of the meaning of this act to say that because certain articles are indifferently adapted for use for different purposes either of these purposes may determine the rate of duty. It is the predominant use to which articles are applied that determines their character. It certainly could not have been the intention of Congress in framing this clause of the law to admit the importation, at a low rate of duty, of articles which may be used for certain purposes, but which are used chiefly for another and different purpose.

"You will therefore determine to which use these articles in question are chiefly devoted. If they are hat trimmings, and used for making and ornamenting hats, then the rate of duty imposed was excessive, and the plaintiff is entitled to recover the excess.

"If, however, in the determination of this question of fact, you find the articles to be chiefly used for other purposes, you will find for the defendant. The question is simply and purely one of fact, namely, What is the predominant use to which these articles are devoted? As you determine that question you will return your verdict."

The plaintiffs had requested the judge to charge the jury as follows :

"I. That if the jury find the goods in question are used for making or ornamenting hats, their verdict should be for plaintiff.

"II. That where the articles are named or described in one section of the tariff act and a duty so imposed thereon, general terms in the same act, although sufficient to comprehend such articles, by which a higher rate of duty is fixed, are not applicable to it, and will not prevail to make such higher rate of duty ; and, that if the jury find the goods in question are hat trimmings used for making or ornamenting hats, and also find that silk is the component material of chief value, the verdict should be for the plaintiff.

"III. That the clause imposing a duty on hat trimmings

being subsequent in the act to the clause imposing a duty on articles of which silk is the component material of chief value, if the jury find the goods are hat trimmings used for making or ornamenting hats, and also that they are articles of which silk is the component material of chief value, that the subsequent clause imposing the duty at twenty per cent should be taken as showing the latest and final intent of the law-makers, and the verdict should be for the plaintiff.

" IV. That if the jury find the goods in question are known and used as hat trimmings, used for making or ornamenting hats, although they may be used from time to time for other purposes, their verdict should be for the plaintiff."

In reply to these requests the judge said to the jury as follows:

" 1. If the evidence shows that the goods upon which the duty was charged are adapted to use and are used for various purposes other than for trimming hats, the jury must be satisfied that the use to which they are chiefly applicable and for which they were employed was in making or ornamenting hats, to bring them within the scope of the clause of the tariff act imposing a duty of twenty per cent.

" 2, 3 and 4. Subject to the qualifications stated in the foregoing answer to the first point, the three remaining points are affirmed."

The counsel for the defendant requested the judge to charge the jury as follows:

" I. That if the jury should find that the goods in question are not specially enumerated or provided for, and that the silk is the component material of chief value, then the rate of duty should be fifty per centum *ad valorem*, and your verdict should be for the defendant.

" II. That if the jury should find that silk is the component material of chief value of the goods in question, and that they are suitable for and are occasionally used for hat trimmings, but that they are generally used for other purposes, then, as they are not exclusively or specially used for hat trimmings, they cannot be said to be ' used for making or ornamenting hats ' within the meaning of the act of Congress so as to sub-

ject them to a duty of twenty per centum *ad valorem*, and your verdict should be for the defendant.

" III. That if the jury should find that the goods in question can properly be classified under Schedule M, act March 3, 1883, as ' trimmings used for making or ornamenting hats,' not specially enumerated or provided for in said act, and subject to a duty of twenty per centum *ad valorum*, and can also properly be classified as goods not specially enumerated or provided for, of which silk is the component material of chief value, and subject to a duty of fifty per centum *ad valorem*, then, as two rates of duty are applicable to the goods, they should be classified as subject to a duty of fifty per centum, as this is the higher rate, and your verdict should be for the defendant.

." IV. That unless the jury should find that the goods in question are not specially provided for, and that by their style and character they are fitted only for use or making or ornamenting hats, then your verdict should be for the defendant."

The court declined to give these instructions and the counsel for the defendant excepted as follows :

" 1. Because the judge declined to charge as requested in defendant's first, second, and fourth points, stating that those points were substantially covered by the answers to the plaintiffs' points.

" 2. Because the judge declined to charge as requested in the defendant's third point.

" 3. Because the judge charged the jury that ' if the evidence shows that the goods upon which the duty was charged are adapted to use and are used for various purposes other than for trimming hats, the jury must be satisfied that the use to which they are chiefly applicable and for which they are employed was in making or ornamenting hats, to bring them within the scope of the clause of the tariff act imposing a duty of twenty per cent.' And that, 'subject to the qualifications stated in the foregoing answer to the first point, the three remaining points are affirmed.' "

In support of these exceptions, it is argued by the Solicitor General, that the charge of the court and the answers to

the points of instruction requested by the respective counsel, misled the jury from the real point involved in the case to a foreign issue, by substantially instructing it, that the inquiry was whether these materials had a predominant use for making and ornamenting hats, bonnets, and hoods, whereas the true construction of the statute required that the inquiry, which should have been submitted to the jury, was whether the materials imported were "braids, plaits, flats, laces, trimmings, willow-sheets and squares, . . . composed of straw, chip, . . . used for making or ornamenting hats, bonnets, and hoods." The instruction of the court, it is said, was that any material, of which the predominant use was for the making or ornamenting of hats, bonnets, and hoods, not specially provided for, should be classified under this clause. It is contended that "the true construction is that the use of the material must not only be for making and ornamenting hats, bonnets, and hoods, but it must be in some of the forms fixed in the statute; that is, in the form of either 'braids, plaits, flats, laces, trimmings, tissues, willow-sheets, or squares.'"

But this is an entire misconception of the charge of the court. There was no controversy in the evidence as to whether these velvet ribbons were or were not "trimmings." All the witnesses agreed that they were; it was so assumed throughout the case; it was expressly stated in the charge of the court to the jury that they must be "trimmings" within the sense of the section in order to justify a recovery. The court said expressly in its charge: "If they are hat trimmings, and used for making and ornamenting hats, then the rate of duty imposed was excessive, and the plaintiff is entitled to recover the excess." This necessarily implied that if they were not hat trimmings, the plaintiffs could not recover; and also that even if they were hat trimmings, but were not chiefly used for making and ornamenting hats, the plaintiffs would not be entitled to recover, because in the sentence immediately preceding in the charge, the court had said to the jury: "You will, therefore, determine to which use these articles in question are chiefly devoted." What the court charged the jury, therefore, was that in order to entitle the plaintiffs to recover,

they must find that the velvet ribbons in question were "trimmings" used for making and ornamenting hats, and that they were "chiefly" used for that purpose. The jury were told : "If, however, in the determination of this question of fact, you find the articles to be chiefly used · for other purposes, you will find for the defendant. The question is simply and purely one of fact, namely, What is the predominant use to which these articles are devoted? As you determine that question, you will return your verdict." The objection, therefore, to the charge of the court, that it would have authorized a recovery if the goods in question were materials used for making or ornamenting hats, although not coming within the enumeration of the section as "braids, plaits, flats, laces, trimmings, tissues, willow-sheets and squares," is not well taken.

The court in fact did instruct the jury that they must find the goods in question to be "trimmings" chiefly used for making and ornamenting hats, bonnets, and hoods, composed of a material not otherwise specially enumerated or provided for. It is not suggested that the velvet ribbons are specially mentioned as subject to a duty by that name or description. It is true that there was no evidence showing that the exclusive commercial designation of such velvet ribbons was "trimmings," but all the witnesses spoke of the velvet ribbons in question as "trimmings," manifestly according to the natural meaning of the word, and because they were used to trim either hats or dresses; the real controversy being for which purpose as "trimmings" they were principally used.

A further criticism, by way of objection, is made to that part of the charge excepted to wherein the judge states that "the jury must be satisfied that the use to which they (the goods) are chiefly applicable, and for which they were employed, was in making or ornamenting hats," &c. The point of this criticism is that the language, "and for which they were employed," "would require the collector to suspend the assessment until he should know how the goods were used or employed. That use or employment of the goods might not take place for years after the importation was made. The law clearly did not intend the classification should be required to

await such an uncertain event." This is hypercritical. The language does not admit of any such construction. It means for which they were habitually employed, or customarily employed, or usually employed, and not "for which they had been employed." It is impossible that any jury could have other--wise understood the instruction.

The remaining exception was on account of the refusal of the court to instruct the jury as requested by the counsel for the defendant in the third point, viz: "That if the jury should find that the goods in question can properly be classified under Schedule M, act March 3, 1883, as 'trimmings used for making or ornamenting hats,' not specially enumerated or provided for in said act, and subject to a duty of twenty per centum *ad valorem*, and can also properly be classified as goods not specially enumerated or provided for, of which silk is the component material of chief value, and subject to a duty of fifty per centum *ad valorem*, then, as two rates of duty are applicable to the goods, they should be classified as subject to a duty of fifty per centum, as this is the higher rate, and your verdict should be for the defendant." The section of the Revised Statutes upon which this instruction was framed is § 2499, which provides: "If any non-enumerated article equally resembles two or more enumerated articles on which different rates of duty are chargeable, there shall be levied, collected, and paid on such non-enumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest duty." The principle of this section, however, is not applicable to the circumstances of this case. The velvet ribbons were found by the jury to be trimmings chiefly used for making or ornamenting hats; that brought them within the operation of Schedule M of the act of March 3, 1883, fixing the duty at twenty per centum *ad valorem;* and being specially provided for by that section, they were excluded from the operation of all others.

The contention which appears to have been made on behalf of the government on the trial of the cause, that these velvet ribbons could not be classified as trimmings used for making or ornamenting hats, bonnets, and hoods, within the meaning

of the section levying the duty of twenty per centum *ad valorem*, unless they were shown to have been used exclusively for that purpose, is not insisted upon by the Solicitor General in this court. It was very properly abandoned, the charge of the court upon that point being, in our opinion, clearly right.

The judgment of the Circuit Court is accordingly

*Affirmed.*