## VANACKER *v.* SEEBERGER, Collector.

### (*Circuit Court, N. D. Illinois.* July 18, 1889.)

CUSTOMS DUTIES—CLASSIFICATION—RUBBER BAGS FOR TOY BALLOONS.
Small India-rubber bags, with a small neck or inlet, which are intended to be inflated with gas, and closed, so as to make them buoyant, and then sold as a child's plaything, are "articles composed of India rubber not specially enumerated or provided for," and assessable under act of March 3, 1883, (Heyl, 454,) and not under clause 425 as "toys," as they do not become "toys" until they are inflated by the addition of another material.

At Law. Action to recover an excess of customs duties.
*Shuman & Defrees*, for plaintiff.
*W. G. Ewing*, U. S. Dist. Atty., and *G. H. Harris*, Asst. U. S. Atty., for defendant.

BLODGETT, **J.** Plaintiff imported a quantity of small India-rubber bags, which the collector assessed for duty as "toys," under clause 425 of Heyl's Arrangement of the Act of March 3, 1883, and assessed thereon a duty of 35 per cent. *ad valorem.* Plaintiff, insisting that the goods were "articles composed of India rubber," and not "toys," and dutiable at 25 per cent. *ad valorem,* under clause 454 of Heyl, paid the duties so imposed under protest, and appealed to the secretary of the treasury, by whom the action of the collector was affirmed, and now brings this suit in apt time to recover the duties so claimed to have been paid in excess. The proof shows that the goods in question are small India-rubber bags, with a small neck or inlet, which are intended to be inflated with gas, and closed, so as to make them buoyant, and then sold as a child's toy or plaything. It seems to me that the goods, as imported, cannot be said to be "toys." They are not completed as such. They do not become toys until they are inflated by the addition of another material, and closed so as to prevent the escape of the gas, which involves a further manufacture or finish of the goods from their condition when imported. It is very clear to me they come specifically within the description of "articles composed of India rubber not specially enumerated or provided for," and, as such, should have been made dutiable at 25 per cent. *ad valorem.* The fact that the gas is a volatile sub-

stance, and that but a slight amount of labor is necessary in order to inflate the bags, and prepare them for sale, does not, as it seems to me, essentially change the question in this case. The gas is one of the component materials of the completed article. Without the addition of the gas they are not usable for the purpose intended, and they can only be said to be a completed article when inflated and closed, so as to become buoyant, and attractive as a plaything. I am therefore of opinion that the collector erred in the classification of these goods, and that the plaintiff is entitled to recover.