## ROBERTSON *v.* EDELHOFF.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 170. Argued December 19, 20, 1889. — Decided January 6, 1890.

Ribbons, composed of silk and cotton, in which silk is the component material of chief value, used exclusively as trimmings for ornamenting hats and bonnets, and having a commercial value only for that purpose, are liable to only 20 per cent duty, under the following provision in "Schedule N. — Sundries,"—in § 2502 of Title 33 of the Revised Statutes, as enacted by the act of March 3, 1883, 22 Stat. 512: "Hats, and so forth, materials for: Braids, plaits, flats, laces, trimmings, tissues, willow-sheets and squares, used for making or ornamenting hats, bonnets and hoods, composed of straw, chip, grass, palm-leaf, willow, hair, whalebone, or any other substance or material, not specially enumerated or provided for in this act, twenty per centum ad valorem;" and are not liable to 50 per cent duty, under the following clause in "Schedule L. — Silk and Silk Goods," in the same section, Id. 510: "All goods, wares and merchandise, not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value, fifty per centum ad valorem.",

The present case is controlled by that of *Hartranft* v. *Langfeld*, 125 U. S. 128. It was proper for the Circuit Court to direct a verdict for the plaintiff.

THE case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Joseph H. Choate* (with whom were *Mr. Henry Edwin Tremain* and *Mr. Mason W. Tyler* on the brief) for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action brought in the Superior Court of the city of New York, by Charles August Edelhoff and Emil Rinke against William H. Robertson, collector of the port of New York, on the 25th of March, 1884, and removed by the defendant into the Circuit Court of the United States for the Southern District of New York, to recover an excess of duties paid under protest on goods entered at the custom house on the 20th of August, 1883, the duty having been paid on the same day.

The case was tried by Judge Coxe and a jury, on April 12th, 1886. The articles in dispute were ribbons, composed of silk and cotton, in which silk was the component material of chief value. There was due protest and appeal. The collector assessed a duty of 50 per cent ad valorem upon the goods, under the following clause in "Schedule L. — Silk and Silk Goods," in section 2502 of Title 33 of the Revised Statutes, as enacted by the act of March 3, 1883, 22 Stat. 510: "All goods, wares and merchandise, not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value, fifty per centum ad valorem." The plaintiffs claimed in their protest and upon the trial that the goods were liable to only 20 per cent duty, under the following provision in "Schedule N. — Sundries," of the same title, 22 Stat. 512: "Hats, and so forth, materials for: Braids, plaits, flats, laces, trimmings, tissues, willow-sheets and squares, used for making or ornamenting hats, bonnets and hoods, composed of straw, chip, grass, palm-leaf, willow, hair, whalebone, or any other substance or material, not specially enumerated or provided for in this act, twenty per centum ad valorem."

On the trial, the undisputed evidence was that the articles in question were used exclusively as trimmings for ornamenting hats and bonnets, and had a commercial value only for that purpose.  The defendant offered no evidence on that subject in contradiction of that put in by the plaintiffs.  At the close of the testimony, the defendant asked the court to direct a verdict in his favor, upon the ground that the foregoing provision in Schedule N, in regard to " Hats, and so. forth, materials for," should be construed as embracing only articles made of a substance or material not elsewhere specially enumerated or provided for in the act of 1883, and articles made only of straw, chip, grass, palm-leaf, willow, hair, whalebone, or some other like substance or material; but this request was denied by the court, and the defendant excepted. The court then, at the request of the plaintiffs, directed the jury to find a verdict in their favor, for the excess of duties collected on the hat-ribbons or hat-bands, and upon certain charges, commissions and coverings, in regard to which there was no dispute; and the defendant excepted to such action of the court.   The jury found a verdict accordingly for the plaintiffs, on which a judgment was entered in their favor, to review which the defendant has brought a writ of error.

That the articles in question, silk being their component material of chief value, were liable to a duty of 50 per cent ad valorem, as " goods, wares and merchandise, not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value," if they were not specially enumerated or provided for in the act of 1883, is plain.   The question, and the only question, therefore, is whether they come under the clause, " Hats, and so forth, materials for:" as being " trimmings," "used for making or ornamenting hats, bonnets and hoods," composed of any of the seven substances specifically named, " or any other substance or material, not specially enumerated or provided for in this act," and were thus liable to a duty of only 20 per cent ad valorem.

It is to be especially noted that the act of 1883 does not, in Schedule L, in regard to silk and silk goods, or elsewhere,

impose any duty upon silk ribbons by that name, or upon ribbons made of silk or of which silk is the component material of chief value, otherwise than as they may be covered by the clause above quoted in regard to 50. per cent duty.

We think it perfectly clear that the words "composed of," in the 20 per cent clause above quoted, relate to the eight articles previously specifically mentioned in that clause, and not to the words "hats, bonnets and hoods;" also, that the words in the same clause, "not specially enumerated or provided for in this act," relate to the same eight articles, and not to the words "hats, bonnets and hoods," or to the words "any other substance or material." The clause is to be read as if the word "and" were inserted before the word "composed" and again after the word "material," so that the clause, as far as the question involved in the present case is concerned, would read: "Trimmings used for ornamenting hats, bonnets and hoods, *and* composed of" any of the seven articles specially named, " or any other substance or material, *and* not specially enumerated or provided for in this act."

We cannot agree with the contention of the defendant that the words "any other substance or material" are to be read as if they were "any other *like* substance or material;" because, while "straw, chip, grass, palm-leaf, willow" are vegetable substances, "hair" and "whalebone" are animal substances. There is no identity of genus among the two descriptions of articles specifically mentioned; and we see no warrant for interpolating the word "like," and applying it distributively to each of the two classes of substances specifically mentioned. The contention that, in the presence of the words "any other substance or material," the naming of seven substances specifically is surplusage and without meaning, because the words "any other substance or material" are adequate to cover those seven substances, seems to us without force in view of the well-known tautological phraseology of provisions in tariff acts.

There is a clause in Schedule N of section 2502 of Title 33 of the Revised Statutes, as enacted by the act of March 3, 1883, 22 Stat. 511, which it is proper to consider in connection

with the clause in regard to "Hats, and so forth, materials for:" and which reads as follows : " Bonnets, hats and hoods for men, women and children, composed of chip, grass, palm-leaf, willow, or straw, or any other vegetable substance, hair, whalebone, or other material, not specially enumerated or provided for in this act, thirty per centum ad valorem."

It will conduce to the solution of the question in hand to consider prior legislation on the subject.

In section 22 of the act of March 2, 1861, c. 68, 12 Stat. 192, a duty of 30 per cent ad valorem was imposed on " flats, braids, plaits, sparterre and willow squares, used for making hats and bonnets," and on " hats and bonnets for men, women and children, composed of straw, chip, grass, palm-leaf, willow, or any other vegetable substance, or of hair, whalebone, or other material, not otherwise provided for;" and by section 16 of the same act, (p. 186,) the following duties were imposed on silk and silk articles: " On silk in the gum, not more advanced in manufacture than singles, tram, and thrown or organzine, fifteen per centum ad valorem; on all silks valued at not over one dollar per square yard, twenty per centum ad valorem; on all silks valued at over one dollar per square yard, thirty per centum ad valorem ; on all silk velvets, or velvets of which silk is the component material of chief value, valued at three dollars per square yard, or under, twenty-five per centum ad valorem; valued at over three dollars per square yard, thirty per centum ad valorem; on floss silks, twenty per centum ad valorem; on silk ribbons, galloons, braids, fringes, laces, tassels, buttons, button cloths, trimmings, and on silk twist, twist composed of mohair and silk, sewing silk in the gum or purified, and all other manufactures of silk, or of which silk shall be the component material of chief value, not otherwise provided for, thirty per centum ad valorem." By this provision, a duty of 30 per cent was imposed on " silk ribbons " by name. No question of the kind before us could have arisen under that statute.

In section 8 of the act of July 14, 1862, c. 163, 12 Stat. 551, are found the following clauses in regard to duties : " On bonnets, hats and hoods, for men, women and children, composed

of straw, chip, grass, palm-leaf, willow, or any other vegetable substance, or of silk, hair, whalebone, or other material, not otherwise provided for, forty per centum ad valorem; On braids, plaits, flats, laces, trimmings, sparterre, tissues, willow sheets and squares, used for making or ornamenting hats, bonnets and hoods, composed of straw, chip grass, palm-leaf, willow, or any other vegetable substance, or of hair, whalebone, or other material, not otherwise provided for, thirty per centum ad valorem." There was no provision in that act in regard to silk, or silks, or silk ribbons, other than the one in the first of the two clauses above quoted, in regard to bonnets, hats and hoods composed of silk. So the provision of the act of 1861, in regard to silk, silks and silk ribbons, remained in force, and the provision in the second clause above quoted, in regard to trimmings, could not apply to silk ribbons, because they were "otherwise provided for" in the act of 1861; though the question would not have been material, because silk ribbons were, under the act of 1861, subject to 30 per cent duty, and the trimmings were, under the act of 1862, subject to the same duty.

By the act of June 30, 1864, 13 Stat. 202, duties on imports were increased, and by section 8 of that act, (p. 210,) from July 1, 1864, in lieu of existing duties, the following were imposed on silk and articles of silk : " On spun silk for filling in skeins or cops, twenty-five per centum ad valorem. On silk in the gum not more advanced than singles, tram, and thrown or organzine, thirty-five per centum ad valorem. On floss silks, thirty-five per centum ad valorem. On sewing-silk in the gum or purified, forty per centum ad valorem. On all dress and piece silks, ribbons and silk velvets, or velvets of which silk is the component material of chief value, sixty per centum ad valorem. On silk vestings, pongees, shawls, scarfs, mantillas, pelerines, handkerchiefs, veils, laces, shirts, drawers, bonnets, hats, caps, turbans, chemisettes, hose, mitts, aprons, stockings, gloves, suspenders, watch-chains, webbing, braids, fringes, galloons, tassels, cords and trimmings, sixty per centum ad valorem. On all manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for, fifty per centum ad

valorem." Thus the duty on silk ribbons by name was advanced from 30 per cent, as in the act of 1861, to 60 per cent.

No subsequent legislation until the Revised Statutes of June 22, 1874, affected the duty on silk ribbons. In "Schedule M. — Sundries," of section 2504 of the Revised Statutes, 2d ed. p. 474, were contained the following provisions : " Bonnets, hats and hoods, for men, women and children, composed of chip, grass, palm-leaf, willow, or any other vegetable substance, hair, whalebone, or other material, not otherwise provided for, forty per centum ad valorem; composed of straw, forty per centum ad valorem ; " and p. 476 : " Hats, etc., materials for. — Braids, plaits, flats, laces, trimmings, tissues, willow sheets and squares, used for making or ornamenting hats, bonnets and hoods, composed of straw, chip, grass, palm-leaf, willow, or any other vegetable substance, or of hair, whalebone, or other material, not otherwise provided for, thirty per centum ad valorem ; " and in " Schedule H. — Silks and Silk Goods," p. 469 : " Silk in the gum not more advanced than singles, tram, and thrown or organzine, thirty-five per centum ad valorem. Spun silk for filling in skeins or cops : thirty-five per centum ad valorem. Floss silks, thirty-five per centum ad valorem. Sewing silk in the gum or purified, forty per centum ad valorem. Silk twist, twist composed of mohair and silk, forty per centum ad valorem. Dress and piece silks, ribbons and silk velvets, or velvets of which silk is the component material of chief value, sixty per centum ad valorem. Silk vestings, pongees, shawls, scarfs, mantillas, pelerines, handkerchiefs, veils, laces, shirts, drawers, bonnets, hats, caps, turbans, chemisettes, hose, mitts, aprons, stockings, gloves, suspenders, watch-chains, webbing, braids, fringes, galloons, tassels, cords and trimmings, and ready-made clothing of silk, or of which silk is a component material of chief value, sixty per centum ad valorem. Buttons and ornaments for dresses and outside garments made of silk, or of which silk is the component material of chief value, and containing no wool, worsted, or goat's hair, fifty per centum ad valorem. Manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for, fifty per centum ad valorem."

Thus, in the clause in regard to " Bonnets, hats and hoods," the word "silk," found in the act of 1862, was omitted in the Revised Statutes; and silk ribbons, or ribbons of which silk was the component material of chief value, were made by the Revised Statutes dutiable *eo nomine* at 60 per cent, as in the act of 1864.

Then came the act of February 8, 1875, 18 Stat. 307, by the first section of which the following provision was made in regard to duties on silk and articles of silk, in lieu of then existing duties : " On spun silk, for filling, in skeins or cops, thirty-five per centum ad valorem ; on silk in the gum, not more advanced than singles, tram, and thrown or organzine, thirty-five per centum ad valorem ; on floss silks, thirty-five per centum ad valorem ; on sewing silk, in the gum or purified, forty per centum ad-valorem ; on lastings, mohair cloth, silk twist, or other manufactures of cloth, woven or made in patterns of such size, shape, or form, or cut in such manner as to be fit for buttons exclusively, ten per centum ad valorem ; on all goods, wares and merchandise not otherwise herein provided for, made of silk, or of which silk is the component material of chief value, irrespective of the classification thereof for duty by or under previous laws, or of their commercial designation, sixty per centum ad valorem : *Provided*, That this act shall not apply to goods, wares, or merchandise which have, as a component material thereof, twenty-five per centum or over in value of cotton, flax, wool, or worsted."

By that act, ribbons of silk, or ribbons in which silk was the component material of chief value, were not made dutiable *eo nomine*, but were dutiable at 60 per cent, as " goods, wares and merchandise not otherwise herein provided for, made of silk, or of which silk is the component material of chief value." They were not otherwise provided for in the act of 1875. This act superseded all prior statutes in regard to goods made of silk, or of which silk was the component material of chief value. Of course, under the act of 1875, the goods in question here would have been dutiable at 60 per cent.

Then came the act of 1883, the three provisions in which, in regard to " Bonnets, hats and hoods," " Hats, and so forth,

materials for:" and "Silk and silk goods," have been before quoted. The changes made in that act from the Revised Statutes of 1874, in regard to "Bonnets, hats and hoods," were these: Those articles were qualified with the words "not specially enumerated or provided for in this act," and the duty was reduced from 40 per cent to 30 per cent. The changes made in regard to "Hats, and so forth," materials for:" were these: The words, "willow, or any other vegetable substance, or of hair, whalebone or other material not otherwise provided for," were changed to the words, "willow, hair, whalebone or any other substance or material, not specially enumerated or provided for in this act," and the rate of duty was reduced from 30 per cent to 20 per cent. Changes were also made in the schedule in regard to "Silks and silk goods." The duty of 60 per cent on silk ribbons *eo nomine* was omitted, and also the like duty on silk trimmings, or of which silk was the component material of chief value; and the duty of 50 per cent on "Manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for," was changed to a like duty on "All goods, wares and merchandise, not specially enumerated or provided for in this act, made of silk or of which silk is the component material of chief value."

Section 6 of the act of March 3, 1883, provides that, on and after the 1st of July, 1883, "the following sections," being twenty-three sections, one of which is section 2502, with Schedules A to N, "shall constitute and be a substitute for Title thirty-three of the Revised Statutes of the United States," thus abolishing all enactments found in the original Title 33, in regard to duties on imports.

It is thus seen that, by the act of 1883, no duty is imposed upon silk ribbons by name. Under the Revised Statutes of 1874 silk ribbons, being charged by name with a duty of 60 per cent, were not charged with a duty of 50 per cent as "manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for," because they were otherwise provided for; and they could not have been liable to a duty of 30 per cent as "trimmings . . . used for . . . ornamenting hats, bonnets and hoods," and not

otherwise provided for, because they were otherwise provided for, in Schedule H, as silk ribbons, by name, at 60 per cent. But when we come to the act of 1883, silk ribbons are not therein specifically named, in Schedule L or elsewhere, and are not dutiable at 50 per cent, as silk goods not specially enumerated or provided for in the act of 1883, because in the clause in regard to "Hats, and so forth, materials for:" they are specially enumerated and provided for in that act, as trimmings used for making or ornamenting hats, bonnets and hoods, and composed of some other substance or material than the seven substances specially named, and are not otherwise specially enumerated or provided for in that act, and are therefore dutiable at 20 per cent.

The question, however, is not only clear on principle, on a review of the statutory provisions, but it is disposed of by decisions of this court.

In *Arthur* v. *Zimmerman*, 96 U. S. 124, the articles imported were composed of cotton, and were known commercially as "hat braids." The collector imposed duty upon them under that clause of section 6 of the act of June 30, 1864, 13 Stat. 209, which provided for a duty of 35 per cent on "cotton braids, insertings, lace trimmings or bobbinets, and all other manufactures of cotton." The importers claimed that they were dutiable at only 30 per cent. It appeared that the articles were used exclusively for making and trimming hats and bonnets, and the Circuit Court and this court held them to be dutiable at only 30 per cent, under that clause of section 8 of the act of July 14, 1862, c. 163, 12 Stat. 557, and of Schedule M of section 2504 of the Revised Statutes, (2d ed. p. 476,) which imposed that rate of duty on trimmings used for making or ornamenting hats, bonnets and hoods, and composed of other material than the substances specifically named, and not otherwise provided for.

But the question in regard to goods substantially identical with those in question in the present case was presented to this court and decided by it in the case of *Hartranft* v. *Langfeld*, 125 U. S. 128. The goods in that case were imported into Philadelphia, and entered at the custom house there in

September and October, 1883. The suit was begun on the 28th of February, 1884. It was tried on April 6th, 1886. The writ of error was sued out August 5th, 1886, while the writ of error in the present case was brought September 29th, 1886. The two transcripts of record were filed in this court the same day, October 13, 1886, but the Langfeld case was advanced, on motion, and heard February 15, 1888, while the present case has stood on the docket until reached in its regular order.

The articles in the Langfeld case were velvet ribbons made of silk and cotton, in which silk was the material of chief value. The collector assessed upon them a duty of 50 per cent, under that clause of Schedule L of section 2502 of Title 33 of the Revised Statutes, as enacted by the act of March 3, 1883, 22 Stat. 510, before quoted, which reads as follows: "All goods, wares and merchandise, not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value, fifty per centum ad valorem." The plaintiffs in the suit claimed, and the jury found, under the instructions of the court, that the duty ought to have been assessed under the paragraph in Schedule N of section 2502 of the same title, providing for "Hats, and so forth, materials for:" above quoted, and that the duty should have been only 20 per cent. The goods in question there were "trimmings," and were used "for making or ornamenting hats, bonnets and hoods." There was no evidence that they were used exclusively for that purpose. The testimony on the part of the plaintiffs tended to show that they were used chiefly for making or ornamenting hats, bonnets and hoods, but that they might also be, and sometimes were, used for trimming dresses. The testimony on the part of the defendant tended to show that they were dress trimmings equally with hat trimmings, and were commonly used as much for the one purpose as the other. The Circuit Court charged the jury that the use to which the articles were chiefly adapted, and for which they were used, determined their character within the meaning of the statute; and that, if the articles were hat trimmings, chiefly used for making and ornamenting hats, the jury should find a verdict for the plaintiffs, the suit having

been brought by the importers against the collector, to recover the difference between 20 per cent and 50 per cent. The defendant had requested the court to charge the jury that, if the articles were not specially enumerated or provided for, and silk was their component material of chief value, they were dutiable at 50 per cent, under the clause before quoted, and the verdict should be for the defendant; also, that if the jury should find that silk was the component material of chief value in them, and they were not exclusively or specially used for hat trimmings, they were not subject to the 20 per cent duty; also, that if the jury should find that the articles could properly be classified, under the above rules, as liable to 20 per cent duty, and also as liable to 50 per cent duty, they were dutiable at the higher rate, and the verdict should be for the defendant; and also that, unless the jury shall find that the articles were not specially provided for, and were fitted only for use for making or ornamenting hats, their verdict should be for the defendant. The Circuit Court declined to give those instructions, and the defendant excepted.

It appears by the opinion of this court that it was contended here, on the part of the defendant, that the true construction of the statute was not only that the use of the material must be for making or ornamenting hats, bonnets and hoods, but that the material itself must be in some one of the forms named in the clause regarding "Hats, and so forth, materials for." This court, however, held that, under the charge of the court as given, the objection was not well taken that the charge would have authorized a recovery if the goods in question were materials used for making or ornamenting hats, although not coming within the enumeration of the articles so specified. This court further said that the Circuit Court instructed the jury that they must find the goods in question to be "trimmings," chiefly used for making or ornamenting hats, bonnets and hoods, composed of a material not otherwise specially enumerated or provided for. This court also said that velvet ribbons were not specially mentioned as subject to a duty by that name or description; that they were manifestly trimmings, according to the natural meaning of

that word, and because they were used to trim either hats or dresses; and that the real controversy was as to the purpose for which, as "trimmings," they were principally used. As to the request of the defendant to charge the jury that, if they should find that the articles could be classified properly as subject to 20 per cent duty and also as subject to 50 per cent duty, they were liable to duty at the higher rate, under the provision of section 2499 of the Revised Statutes, this court said that the principle of that section was not applicable to the case, because the ribbons were found by the jury to be trimmings chiefly used for making or ornamenting hats; that this brought them within the provision of Schedule N, which fixed the duty at 20 per cent; and that, being thus specially provided for, they were excluded from the operation of all other provisions. On these views, this court affirmed the judgment of the Circuit Court.

Therefore, in addition to the conclusion which results from considering the history of the legislation on the points involved, we are of opinion that the decision in the case of *Hartranft* v. *Langfeld* controls this case, and that it was proper for the Circuit Court to direct a verdict for the plaintiffs. Such practice has been often sanctioned by this court. There was no question of fact for the jury, and the defendant did not ask to go to the jury. *Bevans* v. *United States*, 13 Wall. 56; *Walbrun* v. *Babbitt*, 16 Wall. 577; *Hendrick* v. *Lindsay*, 93 U. S. 143; *Arthur* v. *Zimmerman*, 96 U. S. 124; *Arthur* v. *Morgan*, 112 U. S. 495; *Anderson County* v. *Beal*, 113 U. S. 227, 242; *Marshall* v. *Hubbard*, 117 U. S. 419; *North Pennsylvania Railroad* v. *Commercial Bank*, 123 U. S. 727, 733.

*Judgment affirmed.*