### DODGE & OLCOTT v. UNITED STATES (two cases).

### LUEDERS v. SAME.

#### (Circuit Court, S. D. New York.　October 6, 1891.)

#### Nos. 46, 92, 389.

1. CUSTOMS DUTIES—"MEDICINAL PREPARATIONS" DEFINED.

　　The expression "medicinal preparations," as used in the tariff act, means such articles as are of use, or believed by the prescriber or user fairly and honestly to be of use, in curing or alleviating, or palliating or preventing, some disease or affection of the human frame.

2. SAME—ORANGE-FLOWER WATER—ROSE WATER—MEDICINAL PREPARATIONS—UNENUMERATED ARTICLES.

　　Orange-flower water and rose water, which are articles used to some extent medicinally, but chiefly for other purposes not mentioned in any enumerations of the tariff, are dutiable as "medicinal preparations" under Tariff Act March 3, 1883, c. 121, Schedule A (22 Stat. 494), and not according to the provisions of sections 2499 and 2513, Rev. St., as amended by section 6 of said act (22 Stat. 489, 491, 523), relating to articles not "enumerated" in said act.

3. SAME—RULE OF CLASSIFICATION—CHIEF USE—UNENUMERATED ARTICLES.

　　In order to remove an imported article from the operation of a tariff provision for merchandise not "enumerated," it is not necessary to show that there is an enumeration of the article according to its chief use. It is enough if there is an enumeration describing any minor use.

Applications to Review Decisions of the Board of General Appraisers.

　　The decisions under review affirmed the assessment of duty by the collector of customs at the port of New York on merchandize imported by Dodge & Olcott and George Lueders.　Note In re Dodge, G. A. 102 (T. D. 10,411).　Compare Smith v. United States, 93 Fed. 194, 35 C. C. A. 265.　The merchandise consisted of orange-flower water and rose water, and was classified under tariff act of March 3, 1883, c. 121, Schedule A, par. 93 (22 Stat. 494), relating to "preparations: all medicinal preparations known as * * * waters, * * * not specially enumerated or provided for."　The importers contended that the merchandise was not "enumerated," within the meaning of sections 2499 and 2513, Rev. St., as amended by section 6 of said act (22 Stat. 489, 491, 523), providing, respectively, that "nonenumerated articles similar * * * to articles on the free list * * * shall be free," and that a duty of 20 per cent. ad valorem shall be assessed on "all articles manufactured, in whole or in part, not herein enumerated or provided for."　It was claimed that under the first of these provisions the articles were free of duty by similitude to the oil of "neroli, or orange flower," enumerated in the free list of said act (22 Stat. 516), or, if not free, then dutiable at the rate provided in the second of said provisions.

　　Everit Brown, for importers.

　　J. T. Van Rensselaer, Asst. U. S. Atty.

　　LACOMBE, Circuit Judge (after stating the facts as above).　The elaborate argument which has been made as to the construction of paragraph 93 has satisfied me that I was in error in the construction which I put upon it at the former trial, and that the plain intent of

---

　　¶ 1. Interpretation of commercial and trade terms in tariff laws, see note to Dennison Mfg. Co. v. United States, 18 C. C. A. 545.

that paragraph was to cover only preparations of the kind enumerated therein, which are medicinal. As to the precise meaning of the word "medicinal," for the purposes of this particular case I will assume—without undertaking to say what may or what may not be the conclusion which the court will arrive at when it becomes necessary, if it does hereafter, to determine the precise meaning of that, I will assume—that it confines the noun with which it is coupled to something which is of use, or believed by the prescriber or user fairly and honestly to be of use, in curing or alleviating, or palliating or preventing, some disease or affection of the human frame.

There is a conflict of testimony in this case as to whether or not these particular articles possess such qualities; but there is evidence, and evidence from the class of experts to which we would naturally turn, to the effect that they have a certain medicinal effect. It is very true that by far the largest use of these articles is not for such medicinal purposes. It is true that in many decisions the rule has been followed that an article is to be classified for duty according to its predominant use. In all those cases, however, so far as I recollect them and so far as they have been cited here, the question arose upon an apparent double enumeration of an article in the tariff, as to where it should be placed, and that question was determined by the predominant use. Thus in the hat material cases (Hartranft v. Langfeld, 125 U. S. 128, 8 Sup. Ct. 732, 31 L. Ed. 672, and Robertson v. Edelhoff, 132 U. S. 614, 10 Sup. Ct. 186, 33 L. Ed. 477. Note Meyer v. Cadwalader, 89 Fed. 963, 32 C. C. A. 456, reviewing authorities), it was a question whether the article should be classified as included in the enumeration "manufactures of silk," or in that of "hat materials"; in the philosophical instruments case (Robertson v. Oelschlaeger, 137 U. S. 436, 11 Sup. Ct. 148, 34 L. Ed. 744), whether they were to be classified as "philosophical instruments," or as "manufactures of metal"; in the balloon case (Vanacker v. Spalding [C. C.] 24 Fed. 88, Vanacker v. Seeberger [C. C.] 40 Fed. 57), whether they should be classified as "toys," or as "articles of india rubber;" in the Jumbo cigar case (D'Estrinoz v. Gerker [C. C.] 43 Fed. 285), whether they should be classed as "cigars," or as "manufactures of tobacco"; and in the celery case (Clay v. Magone [C. C.] 40 Fed. 230), whether they should be classed as "garden seeds," or "aromatic seeds," or "medicinal seeds," each and all of which phrases were separate enumerations in the tariff itself. I do not find in these decisions authority for the proposition that where an article is enumerated, either specially or generally, only once in the enumerating paragraphs of the tariff, it is to be held to be a nonenumerated article simply because it is used comparatively little for the purposes described in the enumerating clause; and sections 2499 and 2513 apply only to nonenumerated articles.

As to the two cases cited upon the argument, I find that in Hartranft v. Sheppard, 125 U. S. 337, 8 Sup. Ct. 920, 31 L. Ed. 763, the imported goods were not enumerated, because they were not manufactures of cotton, nor were they goods, wares, or merchandise made of silk, or of which silk was the component of chief value. Therefore there was no question of conflicting enumerations. It was clearly a nonenumerated

130 F.—40

article. And in Worthington v. Robbins, 139 U. S. 337, 11 Sup. Ct. 581, 36 L. Ed. 181, the court lays stress upon the fact that in the form and condition in which the article was imported it "could not be used for any of the purposes mentioned in the supposed enumerating clause, nor for any purposes whatever of practical use to which it is adapted or ever applied." It was practically held a raw material, and therefore, as raw material, it would not properly come under the designation of watch materials, which were only suitable for watches when further advanced in manufacture.

I am of the opinion, therefore, that the predominant use to which this article is put should not control to take it from the single enumeration which it has in the tariff, and thus turn an enumerated into a nonenumerated article, in order to give scope to the application of sections 2499 and 2513. For these reasons I shall affirm the conclusion which the Board of Appraisers reached.

A stay of 10 days is granted to the counsel for importers.