## WALKER *v.* SEEBERGER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 151. Argued April 11, 12, 1893. — Decided May 15, 1893.

Trimmings of various styles and materials, some composed entirely of silk, some chiefly of silk, some chiefly of metal, and some being a combination of both silk and metal, used exclusively or chiefly for hat or bonnet trimming, and not suitable, nor used to any appreciable extent for any other purpose, are dutiable under Schedule N, of the act of March 3, 1883, (22 Stat. 512,) at the rate of twenty per centum ad valorem and not under Schedule L at the rate of fifty per centum; as articles composed wholly of silk or of silk as their component material of chief value; or under Schedule C, at the rate of forty-five per centum, as articles composed chiefly of metal.

Whether the goods in question were trimmings used exclusively or chiefly in the making and ornamentation of hats, bonnets or hoods was a question for the determination of the jury and it was error in the trial court to instruct otherwise.

THE case is stated in the opinion.

*Mr. A. H. Garland* for plaintiff in error.

*Mr. Percy L. Shuman* and *Mr. Henry E. Tremain* also filed a brief for plaintiff in error.

*Mr. Solicitor General* for defendant in error.[1]

Mr. Justice Shiras delivered the opinion of the court.

This was an action brought by the firm of James H. Walker & Co., in the Circuit Court of the United States for the Northern District of Illinois, to recover from the collector of that district moneys which were alleged to have been paid in excess of the legitimate duties assessable on certain imported articles.

The history of the case, as we find it in the bill of exceptions, shows that the goods in question were trimmings of various styles and materials, some being composed entirely of silk, some chiefly of silk, and some chiefly of metal, and some being a combination of both silk and metal. The evidence further tended to show that all the said trimmings were used either exclusively or chiefly for hat or bonnet trimming, and in respect to all the merchandise the use was exclusively or chiefly for the making or ornamenting of hats, bonnets, and hoods, and that the goods were not suitable for and were not used to an appreciable extent for any other purpose. A considerable portion of said goods were manufactured expressly for the plaintiffs, and upon their order, to be used, as the same were used, as trimmings in the making and ornamenting of hats, bonnets and hoods. The proof tended to show that most of the trimmings in question had more or less specific commercial names, which aided to distinguish one from another, and that "trimmings" was their general name, and not their specific one.

The importers claimed that these goods should have been assessed under Schedule N of the act of March 3, 1883, (22 Stat. 512,) at the rate of twenty per centum ad valorem. The collector assessed the duties under Schedule L, (22 Stat. 510,) at the rate of fifty per centum for the articles composed wholly or chiefly of silk, and under Schedule C at the rate of forty-five per centum for the articles composed chiefly of metal.

---

[1] For the argument of Mr. Solicitor General in this case see *ante*, pp. 535–539.

The court below charged the jury as follows: "The collector classed these goods as a manufacture of silk and assessed a duty of fifty per cent ad valorem upon them. The proof tends to show that the goods in question are composed of chenille and silk. . . . Now it makes no difference whether these goods are used only for hats and bonnets or not. If they are specially dutiable by name or commercial description in some other clause of the statute than clause 448, then the plaintiff has failed in his case." And as to other articles the court said: "There are no samples of these goods produced, but the proof tended to show that they were used for making or ornamenting hats and bonnets. They were classed as a manufacture of silk, and if they were silk, as the proof on the part of the plaintiff tends to show, then they would be properly classed as silk goods, and not as bonnet material."

As to various other articles in question, the court instructed the jury that if they were composed wholly or chiefly of silk they were dutiable at the rate of fifty per centum ad valorem, as manufactures of silk, notwithstanding that the evidence showed that they were used only for hats and bonnets.

Under these instructions, which were duly excepted to, the jury found, as to most of the articles, a verdict in favor of the collector, and, judgment having been entered accordingly the case is before us on a writ of error.

No extended discussion is required. We have just decided in the case of *Cadwalader* v. *Wanamaker*, *ante*, p. 532, in which the facts were substantially the same with those disclosed in the present record, that goods intended for trimmings for hats, bonnets, and hoods, and found by the jury to be chiefly so used, were properly assessed for duty, under Schedule N, at twenty per centum ad valorem, notwithstanding that such goods were composed wholly or chiefly of silk. In so ruling we considered ourselves bound by our previous decisions. *Hartranft* v. *Langfeld*, 125 U. S. 128; *Robertson* v. *Edelhoff*, 132 U. S. 614.

Under the law as there laid down, the case ought to have been submitted to the jury to find whether the goods in question were trimmings used wholly or chiefly in the making

and ornamentation of hats, bonnets, or hoods, and with in- structions that, if they so found, their verdict should be given in favor of the plaintiff, notwithstanding it might appear that the articles were composed wholly or chiefly of silk.

*The judgment of the court below is accordingly reversed, with directions to award a new trial.*

Mr. Justice Brewer and Mr. Justice Brown concurred in the judgment for reasons stated in the dissenting opinion in *Hartranft* v. *Meyer*, No. 860, *post*, 547.