GARTNER & FRIEDENHEIT v. UNITED STATES.

(Circuit Court, S. D. New York. June 2, 1904.)

No. 3,439.

1. CUSTOMS DUTIES—CLASSIFICATION—SILK RIBBONS—TRIMMINGS.

Held, that certain silk ribbons, of which some were, and others were not, in the nature of trimmings, but which, whenever used for trimmings, are required to be further fashioned for such use, and which are not in fact or commercially within the class of goods known as "trimmings," are not dutiable as silk trimmings, under paragraph 390, Tariff Act 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670], but as manufactures of silk, not specially provided for, under paragraph 391 of said act (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]).

On Application for Review of a Decision of the Board of General Appraisers.

These proceedings were brought by Gartner & Friedenheit to secure the reversal of an affirmance by the Board of General Appraisers (G. A. 5,460, T. D. 24,756) of the assessment of duty by the collector of customs at the port of New York.

C. A. Mountjoy (James M. Beck, of counsel), for the importers.
Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question is represented by 13 samples of ribbons, differing in quality and character, all of silk, or of which silk is the material of chief value. They were classified for duty as silk trimmings, under the provisions of paragraph 390 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]). The importers claim that they should be classified under paragraph 391 (30 Stat. 187 [U. S. Comp. St. 1901, p. 1670]) of said act as "manufactures of silk or of which silk is the component material of chief value, not specially provided for."

The single question presented is whether these articles are in fact trimmings. The Board of Appraisers found that the ribbons were applied to a variety of uses, some of which were of the character of trimmings, while others—such as the use for tying bonbon boxes, and as drawing strings for underwear and in corsets, were not in the nature of trimmings. The board also found that, in most instances where used for trimming, they were cut, tied, and otherwise fashioned for their ultimate use. In these circumstances, I should feel inclined to follow the decision of Judge Wheeler in Robinson v. U. S. (C. C.) 121 Fed. 204, where it was held that such articles did not become trimmings until they were so fashioned as to be applied to the articles to be trimmed. The counsel for the United States contends, however, that Judge Wheeler's opinion is contrary to the decisions of the Supreme Court of the United States in the Hat Trimmings Cases, and in support of said contention cites the following: Hartranft v. Langfelt, 125 U. S. 128, 8 Sup. Ct. 732, 31 L. Ed. 672; Robertson v. Edelhoff, 132 U. S. 614, 10 Sup. Ct. 186, 33 L. Ed. 477; Cadwalader v. Wanamaker, 149 U. S. 532, 13 Sup. Ct. 979, 983, 37 L. Ed. 837; Walker v. Seeberger, 149 U. S. 541, 13 Sup. Ct. 981, 37 L. Ed. 839; Hartranft v. Meyer, 149 U. S. 544, 13 Sup. Ct. 982, 983, 37 L. Ed. 840. It appears, however, that in each of these cases the question as to whether the articles were or were not trimmings was not decided by the court as a matter of law, but was left as a question of fact to be determined by the jury, and that, the jury having determined this question of fact, the court applied the law to such finding. In the present case the testimony establishes that the chief uses of these articles are not for trimming hats or dresses, and that they are not in fact or commercially within the class of goods known as trimmings. It further appears by a comparison of paragraph 339 (Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]) and paragraph 320 (Schedule I, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]) of said act that Congress has made a distinction in the case of cotton goods between trimmings and ribbons. It also appears from the rulings of the Treasury Department that ribbons of the kind in question here have been uniformly held to be dutiable as manufactures of silk.

The decision of the Board of General Appraisers is reversed.