CHRYSTAL *v*. UNITED STATES (No. 1445).[1]

1. ABRASIVE.
    The true, final, and distinctive purpose of an abrasive is to create new surfaces by rubbing or grinding away older ones, and not to produce friction or heat. The use of powdered glass on match heads or the sides of match boxes is not as an abrasive.
2. POWDERED GLASS NOT WASTE.
    This glass might probably be regarded as a manufacture from waste, but it is not itself waste in the proper sense of the term. It was dutiable as a manufacture of glass under paragraph 109, tariff act of 1909.

United States Court of Customs Appeals, January 15, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7585 (T. D. 34628).
    [Affirmed.]
    *Allan R. Brown* for appellant.
    *Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Powdered glass imported at the port of New York was classified by the collector of customs as a manufacture of glass not specially

[1] Reported in T. D. 35148 (28 Treas. Dec., 226).

provided for and assessed for duty at 45 per cent ad valorem under the provisions of paragraph 109, tariff act of 1909, which, in so far as pertinent to the case, reads as follows:

109. * * * And all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

The importer protested that the merchandise was dutiable at 10 per cent ad valorem either as a crude artificial abrasive, under paragraph 432, or as waste not specially provided for under paragraph 479. The provisions upon which the importer relied in his protest are as follows:

432. * * * Crude artificial abrasives, ten per centum ad valorem.
479. Waste, not specially provided for in this section, ten per centum ad valorem.

The Board of General Appraisers overruled the protest and the importer appealed.

Merchandise such as that imported is secured by grinding up waste or refuse glass and passing the resulting product over sieves. The glass, pulverized fine enough to go through the sieves, constitutes the article known as powdered glass. It appears from the testimony of the importer that powdered glass is chiefly used by manufacturers of matches as a friction material in match heads or on the sides of match boxes. It is also used for "rubbing down wood," and for the manufacture of a glass paper which serves the same purposes as emery or sandpaper.

The rule is well settled, we take it, that when articles are provided for under a tariff designation descriptive of their use, the operation of such a provision, when brought in competition with some other provision adequately describing the goods, is limited to things which are chiefly used for the purpose mentioned. Hartranft v. Langfeld (125 U. S., 128, 131, 133–134); Robertson v. Edelhoff (132 U. S., 614, 624–626); Cadwallader v. Wanamaker (149 U. S., 532, 539); Walker v. Seeberger (149 U. S., 541, 543–544); Hartranft v. Meyer (149 U. S., 544); Sonn v. Magone (159 U. S., 417, 421); Magone v. Wiederer (159 U. S., 555, 561–562).

Powdered glass, therefore, can not be classified under paragraph 432 unless it be chiefly used as an abrasive, and whether it is so used depends on whether it acts as an abradant and serves a real abrasive purpose when employed as a friction agency on match heads and match boxes.

In our opinion, an abrasive is a substance designed and fitted to be used for the rubbing, grinding, or wearing away of particles from the surfaces of wood, metal, stone, and other hard materials, in order to produce smoothness, a polish, an edge, or other desired modifications of the surface, or a reduction in the dimensions of the thing subjected to the action of the abradant. The true, final, and dis-

tinctive purpose of an abrasive is not to produce friction or heat but to create new surfaces by rubbing or grinding away older ones. Of course, friction is a necessary consequence of rubbing or grinding and heat is the necessary outcome of friction, but neither effect represents the purpose to be accomplished by an abrasive, and at least one of them is generally regarded as a difficulty to be minimized rather than a result to be achieved in the use of abradants.

Powdered glass on match heads or on the sides of match boxes has no real or ultimate purpose other than the sudden development of a degree of heat sufficient to ignite the inflammable ingredients of which the match head is composed, and therefore we think its use in that behalf can not be considered as abrasive. When utilized to "rub down" wood, metal, stone, or like substances, or in the manufacture of paper designed for that object, and similar to emery or sandpaper, powdered glass is employed as an abradant. Inasmuch, however, as it is not chiefly used for those purposes, but as a friction material for the heads of matches or sides of match boxes, as shown by the testimony, its chief use is not that of an abradant, and consequently it does not fall within the intent or meaning of paragraph 432, as contended by the importer.

It does not appear that the term "abrasive" is used by the trade of the country in the buying or selling of goods or that powdered glass is bought or sold at wholesale as an abrasive, and we must, therefore, decline to hold that it has received a commercial meaning which differs from its ordinary signification, and which is not descriptive of use.

As powdered glass is made by grinding up and sieving broken bottles and refuse glass, it might probably be regarded as a manufacture from waste, but it is not itself waste in the proper sense of the term, and is therefore not dutiable as waste under paragraph 479, as claimed in the protest.

The decision of the Board of General Appraisers is *affirmed.*