ZINKEISEN & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   January 12, 1909.)

No. 119 (4,920).

1. CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—ADEPS LANÆ—"WOOL GREASE."

The provision for "wool grease," in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 279, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), does not include the refined and expensive products from wool grease, known as "adeps lanæ anhydrous" and "adeps lanæ cum aqua," and used medicinally.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 72–77; Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 8, p. 7515.]

2. CUSTOMS DUTIES (§ 24*)—"MEDICINAL PREPARATIONS."

The term "medicinal preparations," in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), includes adeps lanæ anhydrous and adeps lanæ cum aqua, which are highly finished products of wool grease, are used principally in therapeutics, are sold generally to the drug trade, and are used to some extent in salves and medicinal soaps.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 32; Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 5, pp. 4465, 4466; vol. 8, p. 7720.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision of the Circuit Court affirmed the decision of the Board of General Appraisers, sustaining the action of the collector in assessing the merchandise in controversy as medicinal preparations, under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631). The opinion below is as follows:

HAZEL, District Judge.  The Board of General Appraisers decided upon the same evidence submitted to this court that the merchandise, known as "adeps lanæ anhydrous" (wool fat without water) and "adeps lanæ cum aqua" (with water), was properly assessed for duty by the collector at the rate of 25 per centum ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), as a medicinal preparation, nonalcoholic.  The importers object, on the ground that the merchandise consists of wool grease, and is specifically provided for at one-half of 1 per centum per pound under paragraph 279.

I am satisfied, from reading the testimony, that the articles should be classified as medicinal preparations.  The prima facie. showing of the government has not been overcome by the testimony of the importer, upon whom the burden rested to show the incorrectness of the classification.  The testimony of Mr. Brown, witness for the government, showing that wool grease is worth about 1¾ cents per pound, while the price of the articles in controversy is from 10 to 15 cents per pound, considered in connection with the inferences arising from the fact that United States Pharmacopœia (edition of 1905), National Standard Dispensatory (edition of 1905), and the British Pharmacopœia include anhydrous wool fat among medicinal preparations, sufficiently indicates the character of the importation.

Furthermore, this court heretofore affirmed the board in G. A. 5,881 (T. D. 25,910), wherein it was held that adeps lanæ anhydrous and adeps lanæ hydrosus were nonalcoholic medicinal preparations.  It is true such affirmance was

by consent of the parties and without argument, yet the record before me in this case is sufficient to warrant disapproving the decision of the board.

The claim of the importer that sample 4, which was imported in casks, is used as an ingredient in soap, loses force when it is considered that by its use certain curative properties are given to the soap. Its principal use unquestionably being medicinal, it would seem immaterial that it incidentally has other uses.

The decision of the Board of General Appraisers is affirmed.

Walden & Webster (Howard T. Walden, of counsel), for appellants.
J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The collector classified the appellants' importations under Act July 24, 1897, c. 11, § 1, Schedule A, par. 68, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1631), which reads as follows:

Medicinal preparations not containing alcohol or in the preparation of which alcohol is not used, not specifically provided for in this Act, twenty-five per centum ad valorem. 30 Stat. 154.

The appellants insist that their merchandise should have been assessed as "wool grease" under paragraph 279 of the same act, which is as follows:

Tallow, three-fourths of one cent per pound; wool grease, including that known commercially as degras or brown wool grease, one-half of one cent per pound. 30 Stat. 172.

The board and the Circuit Court, after a careful review of the facts, reached the conclusion that the merchandise was not wool grease. If not wool grease, the appellants must fail.

In February, 1895, two years prior to the passage of the act in question, the Circuit Court, in Movius v. United States, 66 Fed. 734, had before it a case in all essential particulars similar upon the facts to the case at bar. The paragraph (316) of Act Oct. 1, 1890, c. 1244, § 1, Schedule G, 26 Stat. 588, was identical in language with the paragraph now in question. The court there described wool grease as follows:

Wool grease is of a brown color and viscous consistency. It is extracted from wool washings, and consists of cholesterin and other fats and volatile fatty acids. It contains from 15 to 30 per cent. of potash. It emits a rank, disagreeable odor, it resembles molasses and tar mixed together, it is imported in returned petroleum barrels, it is worth from 2½ to 3 cents a pound, and its chief use is for stuffing leather.

The merchandise in question here is a highly finished product, used principally in therapeutics, and is sold generally to the drug trade, but a portion thereof (represented by samples 3 and 4) is used for medicinal and very high-class soap and for salves, imparting thereto certain curative properties. It is worth from 10 to 15 cents per pound. It is not wool grease chemically, is used for entirely different purposes, and has never been known commercially as wool grease or degras.

We think that the importations are medicinal preparations as that term has been defined by the courts, and that there is no satisfactory testimony that it is possible to use them otherwise. Dodge v. United

States (C. C.) 130 Fed. 624; Park v. United States (C. C.) 66 Fed. 731.

The case is stronger for the government than the Movius Case, for the reason that the court prior to the passage of the present act had construed "wool grease" to include only the crude raw material and not the refined and expensive products derived therefrom. With this construction presumably in mind, Congress re-enacted the paragraph in identical language. This would hardly have been done if Congress had intended that the refined and expensive "lanolin" should enter as wool grease and pay duty at the rate of only one-half of 1 cent per pound.

The decision is affirmed.