STONE & DOWNER CO. *v.* UNITED STATES (No. 1854).[1]

1. CONSTRUCTION, PARAGRAPHS 44 AND 46, TARIFF ACT OF 1913—"OILS, RENDERED"—
"OILS, DISTILLED AND ESSENTIAL."
The expressions "Oils, rendered," in paragraph 44, tariff act of 1913, and "Oils, distilled and essential," in paragraph 46, do not exclude all distilled and essential oils from paragraph 44 and all rendered oils from paragraph 46.

2. "OLEINE"—"DRESSING OIL"—"SOLUBLE OLEINE"—"LEATHER DRESSING OIL."
Heavy oils, derived from a wool-grease base by distillation, invoiced as "oleine," "dressing oil," "soluble oleine," and "leather dressing oil," are dutiable, not under paragraph 46, tariff act of 1913, as distilled oils, but under paragraph 44, as animal oils not specially provided for.

United States Court of Customs Appeals, April 30, 1918.

APPEAL from Board of United States General Appraisers, G. A. 8049 (T. D. 37101).

[Reversed.]

*Searle & Waterhouse* (*Wm. E. Waterhouse* of counsel) for appellant.

*Bert Hanson*, Assistant Attorney General (*Charles D. Lawrence* and *Harry M. Farrell*, special attorneys, of counsel), for the United States.

[Oral arguments Apr. 16, 1918, by Mr. Waterhouse and Mr. Lawrence.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

These importations were invoiced as "oleine," "dressing oil," "soluble oleine," and "leather dressing oil," and entered for dutiable purposes at the port of Boston. The collector thereat rated them for duty as "distilled" oils under paragraph 46 of the tariff act of 1913, hereinafter quoted. They were claimed by the importers dutiable as "animal oils" under paragraph 44 of said act, likewise hereinafter quoted. The Board of General Appraisers overruled the protest. The importers appeal.

The legislative history of these provisions is instructive. Paragraph 3 of the tariff act of July 24, 1897, contained a provision as follows:

3. Alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds and salts not specially provided for in this act,  *  *  *.

As amended by the tariff act of August 5, 1909, the provision again became paragraph 3, reading in part as follows:

3. Alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds, mixtures and salts, and all greases, not specially provided for in this section,  *  *  *.

By the revision of 1913 oils were eliminated from paragraph 5, the corresponding provision to paragraph 3 of the acts of 1897 and 1909, and were provided for in three separate paragraphs, 44, 45, and 46, as follows:

---

[1] T. D. 37627 (34 Treas. Dec., 405).

44. Oils, rendered: Sod, seal, herring, and other fish oil, not specially provided for in this section, 3 cents per gallon; whale oil, 5 cents per gallon; sperm oil, 8 cents-per gallon; wool grease, including that known commercially as degras or brown wool grease, crude and not refined or improved in value or condition, and not specially provided for in this section, ½ cent per pound; lanolin, 1 cent per pound; all other animal oils, rendered oils and greases, and all combinations of the same, not specially provided for in this section, 15 per centum ad valorem.

45. Oils, expressed: (Not pertinent here.)

46. Oils, distilled and essential: Orange and lemon, 10 per centum ad valorem; peppermint, 25 cents per pound; mace oil, 6 cents per pound; almond, bitter; amber; ambergris; anise or anise seed; bergamot; camomile; caraway; cassia; cinnamon; cedrat; citronella and lemon-grass; civet; fennel; jasmine or jasimine; juniper; lavender, and aspic or spike lavender; limes; neroli or orange flower; origanum, red or white; rosemary or anthoss; attar of roses; thyme; and valerian; all the foregoing oils, and all fruit ethers, oils, and essences, and essential and distilled oils and all combinations of the same not specially provided for in this section, 20 per centum ad valorem: *Provided*, That no article containing alcohol shall be classified for duty under this paragraph.

May 13, 1909, the United States Circuit Court for the Southern District of New York in Swan & Finch Co. *v.* United States (172 Fed., 173), held that "olein" was properly dutiable under the provisions of paragraph 3 of the act of 1897, as a "distilled oil." The court pertinently said:

In Movius *v.* United States (C. C.) (66 Fed., 734) wool grease was said to be of a "viscous consistency," while the substance at bar is an oil, and being distilled from wool grease, *should be considered as a product of that material, rather than wool grease itself.* It is not the "crude raw material" referred to by the Circuit Court of Appeals in the Zinkeisen case (167 Fed., 312), as being the article intended by Congress to be covered by the expression "wool grease." (Italics ours.)

It will be noted that the provisions for "all other animal oils" and for "wool grease, * * * refined or improved in value or condition" were not a part of either of the acts of 1897 or 1909 but are new to the act of 1913. The legislative conspectus here presented therefore is different from that before the court in Swan & Finch Co., supra. While the record shows that these products are "derived" from a wool grease "base" and are produced by "distillation," it is possibly true that their changed condition and name, conformable with the reasoning in the Swan & Finch Co. case, have carried them beyond the category of "wool grease," even "refined or improved in value or condition," into a category better and more precisely described as "oils."

It is contended upon behalf of the Government that the revision of 1913 was exhaustive and exclusive and that conformable to the subheadings, "oils, rendered," paragraph 44, and "oils, distilled and essential," paragraph 46, were respectively intended by Congress to include therewithin every description of oil of these general descriptions. The court is unable to concur in this view. The context of paragraph 44, particularly, under which this claim is made, shows

otherwise.    Aside from the possible inclusion therewithin of such "wool grease" as might be "refined" by "distillation," the final. catch-all provision is for "all other animal oils, *rendered oils and* greases."   So this paragraph includes not only *rendered oils*, but also *animal oils* whether or not rendered or *refined* or in ·whatever manner produced.   The language employed plainly places no restriction upon the term "animal oils" as to production, whether by rendering or distillation, but constitutes the same an unmodified provision in competition with all other provisions of the act in pari materia including that for distilled and. essential oils in paragraph 46. It will be noted that both this provision of paragraph 44 and the enumerations of paragraph 46 are followed by the n. s. p. f. provision, wherefore, their relative specificity must be determined by the other words and the context of the respective paragraphs.

Testimony was introduced by the importers to show, and we think it clearly established, that those provided for in paragraph 46 are of very high grade, expensive oils used in the manufacture of perfumeries or flavoring extracts either retaining and holding or serving to aid in the retaining and holding of the essential odors or flavors of the parent substance.

On the other hand these imported oils are of the relatively cheap, coarser class used in the. heavier commercial operations.

The express inclusion within paragraph 46 of two animal oils only, "ambergris" and "civet," evidences a purpose of the Congress to expressly enumerate in this paragraph the animal oils of this class intended to be made dutiable thereunder.   Wherefore, the court is of the view that reading all the paragraphs together the purpose of Congress is obvious to rate for duty such heavy oils as these under paragraph 44 as "animal oils."

There is no evidence herein satisfactorily establishing, nor is the contention seriously made, that these oils are entitled ·to free entry according to use.    That issue is not in this case.

*Reversed.*