## WIMPFHEIMER et al. v. ERHARDT.

### (Circuit Court, S. D. New York. October 6, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—FUR WASTE, ETC.

Articles of merchandise imported in the years 1889 and 1890, and known to trade and commerce, respectively, as "fur waste," "hares' combings," "hares' waste," "hares' dags," and "coneys' dags," were not dutiable at the rate of 20 per cent. ad valorem, under the provision for "hatters' fur, not on the skin," contained in paragraph 450 (Tariff Ind., New) of Schedule N of the tariff act of March 3, 1883, (22 Stat. 513,) but were dutiable at the rate of 10 per cent. ad valorem, under the provision for "waste, all not specially enumerated or provided for in this act," contained in paragraph 493 (Tariff Ind., New) of the aforesaid Schedule N, (22 Stat. 514.)

At Law. Action to recover duties paid under protest. Verdict directed for plaintiffs.

Plaintiffs imported in the years 1889 and 1890, from a foreign country into the United States, at the port of New York, certain articles of merchandise, invoiced as "fur waste," "hares' combings," "hares' waste," hares' dags," and "coneys' dags." These articles were classified for duty as "hatters' fur, not on the skin," under the provision for such fur contained in paragraph 450 of Schedule N of the tariff act of March 3, 1883, (22 Stat. 513;) and duty at the rate of 20 per cent. ad valorem, the rate fixed by that provision, was exacted thereon by the collector of that port. Against this classification and this exaction, plaintiffs duly and seasonably protested, claiming that these articles were not "hatters' fur, not on the skin," but were "waste not specially enumerated or provided for," and were therefore dutiable at the rate of 10 per cent. ad valorem, as such waste, under the provision for "waste, all not specially enumerated or provided for in this act," contained in paragraph 493 of the aforesaid Schedule N, (22 Stat. 514.) Thereafter, plaintiffs made due and seasonable appeals to the secretary of the treasury, and, within 90 days after adverse decisions were made by him thereon, duly brought suit to recover the amount, with interest thereon, of all duty exacted in excess of duties at the rate of 10 per cent. ad valorem. Upon the trial it appeared that skins of coneys and hares, from which one kind of hatters' fur is obtained, as taken from these animals, were first split open and stretched; that these skins, after being split open and stretched, were cleaned of blood, or any other foreign matter that might be upon them; that they were then plucked or pulled of the outer growth on the fur thereon, consisting of coarse hairs; that they were then subjected to a process of brushing, from which process was obtained what was invoiced and commercially known as "fur waste;" that they were then subjected to a process of "carroting,"—a treatment by means of a preparation of quicksilver and acid,—so that the fur thereon might felt; that they were afterwards dried and brushed, and what was then brushed from the skins of hares was invoiced and commercially known as "hares' combings;" that they were then put through a machine that cut the fur off, and cut the pelts

into pieces like vermicelli, sent the fur, with some admixture, into one place, and 'dropped under the machine the pelt so cut, and the other things produced, by this operation; that the fur, with its admixtures, was then subjected to a process of blowing, by which the pure fur was separated from its admixtures; that this pure fur, so obtained, was commercially known as "hatters' fur;" that its admixtures, after such separation, were commercially known, if from coney skins. as "coneys' dags," and. if from hares' skins, as "hares' dags," being, respectively, the same.kinds of articles as were respectively so invoiced; that from what was dropped under the machine before referred to, in cutting hares' skins, was obtained what was invoiced and commercially known as "hares' waste;" that "fur waste," "hares' combings," "coneys' dags," "hares' dags," and "hares' waste" were never, any of them, regarded or known, commercially, as "hatters' fur, not on the skin," or as a variety thereof; and that the only things, obtained from coneys' and hares' skins that were so regarded or so known were articles hereinbefore described as "hatters' fur."

Charles Curie, (W. Wickham Smith, of counsel,) for plaintiffs.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (orally.)  I direct a verdict in favor of the plaintiffs for the amount, with interest thereon, of all duties exacted in excess of duties at the rate of 10 per cent. ad valorem.