Smith & Son Manufacturing Co. *v.* United States (No. 2943)[1]

United States Court of Customs Appeals, November 14, 1927

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Kenneth G. Osborn*, special attorney, of counsel), for the United States.

[Oral argument October 6, 1927, by Mr. Tompkins and Mr. Lawrence]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Barber, Judge, delivered the opinion of the court:

The duty paragraph 23 of the Tariff Act of 1922 is as follows:

Chemicals, drugs, medicinal and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, lozenges, troches, ampoules, jubes, or similar forms, including powders put up in medicinal doses, shall be dutiable at not less than 25 per centum ad valorem.

Paragraph 1510, in connection with section 201 of the same act, gives free entry to—

Antitoxins, vaccines, viruses, serums, and bacterins used for therapeutic purposes.

The merchandise involved in this case is vaccine imported in ampoules and used by dentists for the treatment of pyorrhea. It was classified by the collector as vaccine in ampoules and held dutiable under the provisions of paragraph 23.

Importer protested the collector's action, claiming the merchandise was entitled to free entry under paragraph 1510.

This case involves several protests, but by stipulation of counsel only one, with the appraiser's report and collector's letter relating thereto, is printed as being typical of all.

At the hearing of the protests before the United States Customs Court, first division, importer introduced testimony, which was not disputed, tending to show that this particular vaccine was a "biological product"; that it was not produced in this country, and that it was not allowed by the United States Government to be imported unless, using the language of the witness, "it was brought in in sealed containers."

[1] T. D. 42468.

The court below overruled the protests and sustained the action of the collector upon the authority of *Vidal Hnos & Co. et al.* v. *United States*, T. D. 40688, G. A. 8938, 47 Treas. Dec. 180. It, in effect, construed paragraph 23 as providing that medicinal and similar substances, whether dutiable or free, should pay a duty of not less than 25 per cent ad valorem when imported in any one of the containers named in the paragraph. It also held that the fact that this vaccine was a biological substance could make no difference, because it was a medicinal substance and therefore clearly within paragraph 23.

Importer argues, in view of the above-mentioned evidence, that the result of the construction given to paragraph 23 by the court below renders nugatory the provisions of paragraph 1510. It contends that such a construction is against public policy, because, as it argues, the vaccine is imported for "a humanitarian and useful purpose." It also contends that a fundamental rule of statutory construction requires that every part of a statute must be given some effect, and claims, if the interpretation given to the statute by the Customs Court is upheld, it will result that no vaccine of the kind under consideration will be given free entry, notwithstanding paragraph 1510 provides that vaccines used for therapeutic purposes shall enjoy that privilege.

We think the judgment below should be upheld. The evidence does not establish that this vaccine may not be imported in containers other than ampoules, but if it did, Congress has emphatically declared in paragraph 23 that drugs and medicinal and similar substances so imported are to be assessed at not less than 25 per centum ad valorem. There is no ambiguity whatever about this provision, and whenever any of the articles named in that paragraph are imported in ampoules, they must, in the absence of some provision more specifically controlling than paragraph 1510, pay at least that rate of duty.

The contention that these vaccines are not medicinal or similar substances finds no support in reason or in the authorities. They possess, or are believed to possess, curative or alleviating properties, and are used and administered because of that fact.

So eminent a customs authority as the late Judge Lacombe, in *Dodge & Olcott* v. *United States*, 130 Fed. 624, defined a medicinal preparation for the purposes of that case as "something which is of use, or believed by the prescriber or user fairly and honestly to be of use, in curing or alleviating, or palliating or preventing, some disease or affection of the human frame." The merchandise here is within this definition.

Consult *McKesson* v. *United States*, 3 Ct. Cust. Appls. 515, and *Britt, Leoffler & Weil* v. *United States*, 7 Ct. Cust. Appls. 118.

Importer's counsel, in his argument, hardly advises us why these "biological products" are not medicinal or similar substances. From the testimony we gather that the contention is that these vaccines are regarded by the witnesses as having no curative or healing properties, because they do not cure or heal pyorrhea, but only prevent the same by immunizing the patient from that disease, and therefore should not be regarded as medicinal or similar substances. We think the fact that they immunize from disease does not exclude them from being regarded as medicinal or similar substances, in the common meaning of those terms. It is true that the chief purpose of those who practice the healing art, whether dentists or otherwise, is to cure or alleviate a disease already contracted. It is also true that an equally important purpose is to prevent disease by rendering the patient immune from its attack. We are clear that such vaccines as those involved in this case, the purpose of which is to impart immunity from pyorrhea, are medicinal or similar substances within the meaning of paragraph 23.

The judgment of the court below is *affirmed*.