The judgment of the United States Customs Court is *reversed*.

GARRETT, J., dissents.

UNITED STATES *v.* MRS. CARRIE L. FRANKLIN (No. 3347) [1]

United States Court of Customs and Patent Appeals, April 29, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

*Siegel & Mandell* for appellee.

[1] T. D. 44896.

[Oral argument April 2, 1931, by Mr. Folks and Mr. Mandell]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, described on the invoices as "Pine-Ex medicinal pine-needle preparation in capsules. Natural product, contains no alcohol," and also as "original Pine-Ex Bath" capsules, was assessed for duty by the collector at the port of New York as a toilet preparation, not containing alcohol, at 75 per centum ad valorem under paragraph 62 of the Tariff Act of 1922, which reads as follows:

PAR. 62. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, tooth soaps, pastes, theatrical grease paints, pomades, powders, and other toilet preparations, all the foregoing, if containing alcohol, 40 cents per pound and 75 per centum ad valorem; if not containing alcohol, 75 per centum ad valorem.

The importer protested, claiming that the merchandise was a medicinal preparation and dutiable as such at only 25 per centum ad valorem under paragraph 5, or, alternatively, at 25 per centum ad valorem under paragraph 23 of that act. The paragraphs read as follows:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

PAR. 23. Chemicals, drugs, medicinal and similar substances, whether dutiable or free, when imported in capsules, pills, tablets, lozenges, troches, ampoules, jubes, or similar forms, including powders put up in medicinal doses, shall be dutiable at not less than 25 per centum ad valorem.

Paragraph 23 provides for a minimum rate of duty of not less than 25 per centum ad valorem on chemicals, drugs, and medicinal substances, whether dutiable or free of duty, when imported in capsules.

In view of the fact that paragraph 5 provides for medicinal preparations at a rate of duty equal to the minimum rate provided in paragraph 23—25 per centum ad valorem—and as it is not contended by counsel for appellee that the involved merchandise is dutiable other than as a medicinal preparation, we need not give further consideration to the application of paragraph 23.

It appears from the record that the merchandise consists of the following ingredients, as reported by the Government chemist:

|  | Per cent |
|---|---|
| Sodium carbonate | 40. 74 |
| Salt | 35. 53 |
| Pine-needle oil | 2. 19 |
| Water and fluorescein | 21. 54 |

It contains less than $\frac{1}{100}$ per cent of fluorescein, a coal-tar color, and the water present is probably water of crystallization.

It was imported in capsules about one-half inch in diameter and approximately 2½ inches in length. The following inscription appeared on the box in which the capsules were contained: "Meyers Pinex Sea Baths, Original Pine Needle from Black Forest, made in Germany."

The witness, Carrie L. Franklin, testified that she was a deputy collector of internal revenue at Brooklyn, N. Y., and the importer of the involved merchandise. She said that for about three years she had used the imported merchandise in the bath for nervousness, sleeplessness, rheumatism, and neuritis, and had obtained very beneficial results.

The witness, S. Elizabeth Webster, said that she was a deputy collector of internal revenue at Brooklyn, N. Y., and that the bath capsules in issue had been recommended to her by her friend, the witness, Carrie L. Franklin. In this connection she said:

A. Well, when Mrs. Franklin gave them to me she told me that they were good for my nerves; not only that, but when I was working very hard my feet used to swell from standing up and writing returns at the counter. I took them home when she gave them to me the first time, and I took the bath, and used them and soaked my feet, and they were good. Then I said, "If they are good for your nerves, I have a little niece who is suffering from rickets," so I thought as long as they were prescribed for various nerve troubles I would try and give it to her.

The witness also testified that she found the imported merchandise very beneficial; that it did not contain perfume; and that, in her opinion, it was not a toilet preparation.

The witness, Mrs. Gertrude P. Rosencrans, testified that she had suffered with nervousness and sleeplessness; that, while in Neuheim, Germany, in July, 1926, bath capsules like those involved were recommended to her by Dr. Martin Bruch, an authority on heart disease and nervous diseases; that on her return to New York she purchased and used the involved merchandise, and, as a result, her health had materially improved; and that the involved merchandise is not used in the bath for cleansing purposes.

The witness, Alexander S. Lorend, also testified for the importer. He said that he was a practicing physician in the city of New York and specialized in "nervous diseases and neurology"; that he was a graduate of the Budapest Medical College and had studied at the Neurological Institute at Vienna; that he was connected with the Mount Sinai Hospital, several clinics, and the State hospital, presumably in New York; that he was a member of the County Medical Society, the New York State Medical Association, the American

Medical Society, and the New York Psychology Association; that he was familiar with the imported merchandise both in Germany and in the United States; that he prescribed it for use in "nervous diseases, and in all nervous exhaustion cases, neurasthenia"; and that use of the involved bath capsules tends to increase the circulation of the blood, stimulates and gives "tone" to the body, and benefits the patient both mentally and physically.

The witnesses, Joseph Lintz and Paul B. Johnson, members of the medical profession in the city of New York, both testified that they had never used nor prescribed the involved merchandise; that, in their opinion, the only beneficial effect one would receive from the use of but one of the involved capsules in a bathtub of hot water would result from the use of the hot water and not from the substances contained in the capsule; and that "there are not enough substances present in one capsule to produce any appreciable effect" when used in a bathtub of water.

On this record, the court below sustained the protest, and the Government appealed.

Four witnesses testified that the involved merchandise was used as a medicinal preparation for nervousness, sleeplessness, rheumatism, swollen feet, and neuritis; that it was prescribed by physicians; and that its use was beneficial. One of the witnesses testified that, in her opinion, it was not a toilet preparation and would not be used as such. Doctor Lorend, a specialist in nervous disorders, testified that it not only had beneficial effects in nervous diseases, both mentally and physically, but that he prescribed it for use in such cases.

Two witnesses, both members of the medical profession, testified for the Government that, in their opinion, the involved merchandise would not be beneficial in the treatment of the ailments mentioned by the witnesses for the importer.

There is no evidence in the record that the merchandise is or was ever used as a toilet preparation.

We think it fairly appears from the evidence, as held by the court below, that the involved merchandise has some therapeutic value, and that it is used solely for medicinal purposes. It is, therefore, dutiable as a medicinal preparation under paragraph 5, *supra*. *McKesson & Robbins* v. *United States*, 3 Ct. Cust. Appls. 515, T. D. 33167; *Britt, Loeffler & Weil* v. *United States*, 7 Ct. Cust. Appls. 118, T. D. 36428; *Smith & Son Manufacturing Co.* v. *United States*, 15 Ct. Cust. Appls. 277, T. D. 42468.

The judgment is *affirmed*.